# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | | |
|---|---|---|
| Donald A. Payne, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. |
| | § | |
| William Glenn, Ruben Garcia, | § | SA-11-CV-0336 FB (NN) |
| Lee Johnson & Nelda Zuniga, | § | |
| | § | |
| Defendants. | § | |

## SHOW CAUSE ORDER

The purpose of this order is to direct plaintiff Don A. Payne to show cause why this case should not be dismissed. On April 28, 2011, the Austin division transferred to this division Payne's claim for injunctive relief against William Glenn, Ruben Garcia, Lee Johnson and Nelda Zuniga.[1] These individuals are employees of Texas Department of Assistive and Rehabilitative Services (TDARS). In his complaint, Payne complained about the termination of vocational rehabilitative services on December 17, 2010, and challenged that determination in this lawsuit. As injunctive relief, Payne sought the "promulgation [of] safeguards and policies…to adequately train and supervise

---

[1]Docket entry # 6.

employees in order to safeguard the rights of U.S. citizens and persons with mental disabilities subject to assistive and rehabilitative service."[2]

To the extent, Payne sought relief on behalf of others, Payne lacks standing. To the extent, Payne seeks the promulgation of safeguards and policies for the provision of assistive and rehabilitative services from the individually-named TDARS employees, TDARS is " the principal authority in the state on matters relating to rehabilitation of individuals with disabilities,"[3] not the individually-named TDARS employees. Thus, it appears Payne failed to state a claim against the individually-named employees because the authority to promulgate safeguards and policies lies with TDARS.

To the extent Payne sought review of the termination of vocational rehabilitative services from TDATS or the individually-named TDARS employees, Payne failed to state a claim upon which relief may be granted. Federal law provides for review of determinations affecting the provision of vocational rehabilitation services to applicants like Payne.[4] The applicable procedures provide for a due process hearing before an impartial hearing officer and mediation.[5] The procedures also provide for a civil action

---

[2]Docket entry # 3, p. 36.

[3]Tex Hum. Res. Code Ann. § 111.052 (West 2001); 40 Tex. Admin. Code § 101.103.

[4]29 U.S.C. § 722.

[5]40 Tex. Admin. Code §§ 101-7051 - 101.7073.

2

for review of a final decision by a hearing officer. Payne indicated in his complaint that he had not received a final decision when he filed this lawsuit.[6] Payne stated in his "motion to enter" that an impartial hearing officer has since made a determination in his favor.[7] Obtaining a favorable decision indicates the relief Payne seeks is moot because he now receives vocational rehabilitative services. A moot claim fails to state a claim upon which relief may be granted because no controversy exists for the court to adjudicate.

Obtaining a favorable decision also indicates Payne filed this case prematurely because he filed his case before TDARS made a final reviewable decision; that is, Payne sought review of a non-reviewable determination. A claim seeking a review of a non-reviewable determination fails to state a claim upon which relief may be granted.

Therefore, I direct Payne to respond to this order in writing by **July 8, 2011** and to show cause why this case should not be dismissed for failing to state a claim. In responding to this order, Payne shall file a copy of the hearing officer's favorable decision. If Payne fails to respond to this order by July 8, 2011, I will recommend

---

[6]Docket entry # 3, p. 28.

[7]Docket entry # 7.

dismissing this case for failing to comply with a court order and for failing to prosecute.[8]

It is **SO ORDERED**.

**SIGNED** on June 22, 2011.

*Nancy Stein Nowak*
NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE

---

[8]*See* Fed. R. Civ. P. 41(b) (permitting the defendant to move for dismissal on grounds the plaintiff failed to prosecute his case); *Gonzalez v. Firestone Tire & Rubber Co.*, 610 F.2d 241, 247 (5th Cir. 1980) (explaining that "a federal district court possesses the inherent authority to dismiss an action for want of prosecution").