# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | | |
|---|---|---|
| Donald A. Payne, | § | |
| | § | |
|     Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. |
| | § | |
| William Glenn, Ruben Garcia, | § | SA-11-CV-0336 FB (NN) |
| Lee Johnson & Nelda Zuniga, | § | |
| | § | |
|     Defendants. | § | |

## REPORT AND RECOMMENDATION

**TO:**    **Honorable Fred Biery**
         **Chief United States District Judge**

This report and recommendation recommends dismissing this case under 28 U.S.C. § 1915(e). Plaintiff was granted permission to proceed in forma pauperis (IFP) subject to a later determination that the action is frivolous under section 1915(e).[1] I screened the case under section 1915(e) and determined it fails to state a claim upon which relief may be granted.[2] I also determined that sanctions are appropriate under Rule 11.[3]

---

[1] Docket entry # 2.

[2] Fed. R. Civ. P. 12(b)(6).

[3] Fed. R. Civ. P. 11.

**Dismissal under 28 U.S.C. § 1915**. Under 28 U.S.C. § 1915, the court must screen an IFP complaint and dismiss the complaint if the court determines the complaint is frivolous or malicious or fails to state a claim on which relief may be granted.[4] This provision permits the court to dismiss those claims whose factual contentions are clearly baseless.[5] Dismissal of a claim as frivolous is appropriate where the claim lacks an arguable basis either in law or in fact.[6] Similarly, the "district court may dismiss an action on its own motion under Rule 12(b)(6) [of the Federal Rules of Civil Procedure] 'as long as the procedure employed is fair.'"[7] Analyzing the merits of a plaintiff's claim in a report and recommendation and giving the plaintiff an opportunity to object to the recommendation is a fair process for dismissing a case.

**Background of the case**. Plaintiff Don A. Payne is a frequent litigator. Recently, Judge Rodriguez warned Payne about the consequences of filing frivolous lawsuits.[8]

---

[4] 28 U.S.C. § 1915(e)(2)(B).

[5] *See Schultea v. Wood*, 47 F.3d 1427, 1434 (5th Cir.1995).

[6] *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1997).

[7] *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998) (citation omitted). *See Carroll v. Fort James Corp.*, 470 F.3d 1171, 1177 (5th Cir. 2006) (explaining that the "district court may dismiss a complaint on its own for failure to state a claim" so long as a fair procedure is employed).

[8] *See* Cause No. 10-CV-740-XR, docket entry # 8, p. 2 (warning Payne that further violations of Rule 11 may result in sanctions).

Instead of heeding the warning, Payne filed this lawsuit in the Austin Division. He later asserted that he felt any decision made by this judicial division would be partial.[9]

As defendants, Payne named the Texas Department of Assistive and Rehabilitative Services (TDARS) and four TDARS employees: William Glenn, Ruben Garcia, Lee Johnson and Nelda Zuniga (together, the TDARS employees).[10] Payne cited numerous legal authorities and complained about the termination of vocational rehabilitative services on December 17, 2010. Payne complained that he was not notified that his case was being closed and challenged the termination of services.

After reviewing Payne's motion to proceed IFP, Magistrate Judge Pittman recommended dismissing — as barred by the Eleventh Amendment — all claims against TDARS and the claims for money damages against the employees.[11] Because the case was filed in the wrong division, Judge Pittman recommended transferring Payne's claim for injunctive relief against the TDARS employees to this division.[12]

---

[9] Docket entry # 7, p. 2 (stating, "I truly feel any decision made by the United States District Court for the Western District of Texas, San Antonio Division, will be partial").

[10] Docket entry # 6.

[11] Docket entry # 2.

[12] *Id.*

Judge Yeakel accepted the recommendation and transferred the claim for injunctive relief.[13]

Because it appeared Payne's claim for injunctive relief failed to state a claim, I issued a show cause order and directed Payne to address the matters discussed in this report.[14] Payne responded, but his response did not address the issues in the show cause order.[15] Instead, he addressed qualified immunity — a matter not implicated by the deficiencies discussed below.

**Payne's claim for injunctive relief**. As injunctive relief, Payne sought the "promulgation [of] safeguards and policies…to adequately train and supervise employees in order to safeguard the rights of U.S. citizens and persons with mental disabilities subject to assistive and rehabilitative service."[16] To the extent, Payne sought relief on behalf of others, Payne lacks standing. To the extent, Payne seeks the promulgation of safeguards and policies for the provision of assistive and rehabilitative services from the TDARS employees, TDARS is " the principal authority in the state on

---

[13]Docket entry # 6.

[14]Docket entry # 10.

[15]Docket entry # 11.

[16]Docket entry # 3, p. 36.

4

matters relating to rehabilitation of individuals with disabilities,"[17] not the TDARS employees. Payne failed to state a claim against the TDARS employees because the authority to promulgate safeguards and policies lies with TDARS.

**Payne's challenge about the termination of benefits**. To the extent Payne sought review of the termination of vocational rehabilitative services from TDARS or the TDARS employees, Payne failed to state a claim upon which relief may be granted. Federal law provides for review of determinations affecting the provision of vocational rehabilitation services to applicants like Payne.[18] The applicable procedures provide for a due process hearing before an impartial hearing officer and mediation.[19] The procedures also provide for a civil action for review of a final decision by a hearing officer. Payne indicated in his complaint that he had not received a final decision when he filed this lawsuit.[20]

Because Payne stated in his "motion to enter" that an impartial hearing officer had since made a determination in his favor,[21] I directed Payne to submit a copy of the

---

[17] Tex Hum. Res. Code Ann. § 111.052 (West 2001); 40 Tex. Admin. Code § 101.103.

[18] 29 U.S.C. § 722.

[19] 40 Tex. Admin. Code §§ 101-7051 - 101.7073.

[20] Docket entry # 3, p. 28.

[21] Docket entry # 7.

hearing officer's decision. Payne provided a copy of the decision.[22] In the decision, the hearing officer found no evidence of the denial of due process in the termination of Payne's services and no evidence that TDARS acted prejudicially toward Payne. The hearing officer, however, determined that TDARS terminated Payne's services without conducting the required consultation and thus violated Payne's right to have input into the decision to terminate services. Accordingly, the hearing officer found for Payne and remanded Payne's case to a TDARS field office to determine whether the cause may be properly closed after consultation with Payne. This result constitutes a decision in Payne's favor.

Obtaining a favorable decision indicates the relief Payne seeks is moot because his case was returned to a TDARS field office. A moot claim fails to state a claim upon which relief may be granted because no controversy exists for the court to adjudicate. Obtaining a favorable decision also indicates Payne filed this case prematurely because he filed his case before TDARS made a final reviewable decision; that is, Payne sought review of a non-reviewable determination. A claim seeking a review of a non-reviewable determination fails to state a claim upon which relief may be granted.

---

[22]Docket entry # 11, attached final decision before Dep't of Assistive & Rehabilitative Services impartial hearing officer.

**Recommendation**. I recommend dismissing Payne's claims for injunctive relief against the TDARS employees for failure to state a claim. If the court accepts this recommendation, it can enter a final judgment in this case.

I also recommend sanctioning Payne under Rule 11 for filing a case that lacks an arguable basis in law or fact. This case lacks an arguable basis in law and fact for the reasons discussed above. "A sanction imposed under [Rule 11] must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated."[23]

Proceeding IFP has fueled Payne's litigation history. Payne's litigation history is detailed in my report and recommendation in Cause No. 10-CV-740-XR.[24] Payne may be deterred from filing frivolous lawsuits if he is required to pay the filing fee. To that end, I recommend requiring payment of the filing fee for any future lawsuit. As part of a sanction, I recommend directing the clerk as follows:

> The clerk shall not file any new civil action submitted by Payne unless Payne's complaint is accompanied by the civil filing fee or unless directed to do so by a district judge or a magistrate judge of this district. This order shall apply to any action that is filed in this district or filed in another district and transferred to this district. The clerk shall advise all district divisions about this order.

---

[23]Fed. R. Civ. P. 11 (c)(4).

[24]Cause No. 10-CV-740-XR, docket entry # 4, pp. 5-7.

This sanction should be sufficient to deter Payne from abusing the judicial system by litigating meritless claims, but will not preclude Payne's access to the courts because Payne may either pay the filing fee or seek leave of the court to file a complaint.

**Instructions for Service and Notice of Right to Object/Appeal**. The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested. Written objections to this report and recommendation must be filed within 14 days after being served with a copy of same, unless this time period is modified by the district court.[25] Such party shall file the objections with the clerk of the court, and serve the objections on all other parties and the magistrate judge. A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections. A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court.[26] Additionally, failure to file timely written

---

[25] 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

[26] *Thomas v. Arn*, 474 U.S. 140, 149-52 (1985); *Acuña v. Brown & Root*, 200 F.3d 335, 340 (5th Cir. 2000).

objections to the proposed findings, conclusions and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.[27]

**SIGNED** on July 1, 2011.

*Nancy Stein Nowak*
NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE

---

[27]*Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).